[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff, WPRX, Inc., a radio station operator, brings this action against its landlord, Susan Gradante, claiming she was unjustly enriched through the improvements made to her property by the plaintiff.
The defendant denies the allegations in plaintiff's complaint and counterclaims seeking damages alleging that the plaintiff slandered her title to the said real estate; interfered with the defendant's contract to sell the said real estate; and, failed to pay for the use and occupancy of the said real estate; that all of these actions by the plaintiff were in violation of the Connecticut Unfair Trade Practices Act; that, the results were to cause the defendant financial loss.
The plaintiff denies these allegations.
The factual situation leading to this action is: The plaintiff negotiated a rental agreement of the premises known as 10 Main Street, New Britain, Connecticut, with the defendant's predecessor-in-title through the predecessor's agent and property manager. As a part of those negotiations, the plaintiff would pay rental of $425 monthly. Further, as a condition of the rental, the plaintiff would have occupancy rent-free for the first three months for cleaning and repairing the rundown condition of the premises. The plaintiff, however, contends that the three months' free rental was for cleaning and minor repairs. It had in addition to do extensive repairs and renovating to prepare the premises for occupancy and to receive municipal approval of the occupancy; that its expenditures to accomplish this amounted to $38,000.00.
The defendant counters plaintiff's arguments with, whatever arrangements the plaintiff may have had with the prior owners are not her liability. The defendant points out that she obtained title to the premises as a result of her court action to foreclose a mortgage on the premises given by the prior owners; that the plaintiff presented no reliable evidence that any CT Page 326 improvements it made to the premises were not part of its rental agreement with the prior owners, and that these improvements were not fully accounted for in return for three months' occupancy rent-free. Further, that any renovations made by the plaintiff were to accommodate its specialized radio transmission business and did not add to the value of the premises. In addition, the defendant contends that beyond alleging that it expended certain sums before occupying the premises, the plaintiff presented no evidence that these expenditures added to or increased the value of the premises and that such additional value inured to the defendant's benefit when she obtained possession of the premises.
With regard to the plaintiff's allegations raised in its complaint, the court agrees with the defense that the plaintiff had the obligation to prove that the defendant received benefits which unjustly enriched her as a result of the plaintiff's improvements to the premises. There was no showing that the value of the premises was increased by plaintiff's improvements, nor that the defendant received the benefit of any increased value to the premises.
The defendant's counterclaim seeks to recover for damages resulting to her by the actions of the plaintiff after the defendant had contracted to sell the premises to prospective buyers if and when the defendant was successful in obtaining title by way of a foreclosure action being pressed by the defendant against the premises' prior owners.
First, the defendant contends that the plaintiff filed an invalid document on the New Britain Land Records, during January, 1997, wherein it claimed it had a lease on the premises. Subsequently, as an issue in defendant's eviction proceedings against the plaintiff, that court ruled that the lease was invalid as against the defendant herein.
Secondly, the plaintiff initiated the present action by filing a lis pendens on the New Britain Land Records; that the filing of the lis pendens together with the prior filing of the document claiming a lease existed on the premises, the defendant counterclaims claims slandered the title she had to the subject premises, resulting in a delay in the sale of the premises, which in turn caused a substantial reduction in the sale price of the premises from $125,000 to $85,000.
That these actions by the plaintiff tortiously interfered with CT Page 327 the defendant's contract to sell the said premises resulting in a substantial financial loss to the defendant.
Third — that the plaintiff's actions were in violation of the Connecticut Unfair Trade Practices Act to the defendant's financial detriment.
Fourth — that the plaintiff continued in its occupancy of the said premises for a period of several months; i.e., from July 16, 1997, when a judgment and order to vacate were issued against the plaintiff by a Superior Court judge, until the plaintiff actually vacated the premises on September 8, 1997.
As to these four counts of defendant's counterclaim, the court finds for the plaintiff on Counts One, Two and Four.
The court bases its decision regarding these three counts on its determination, based upon the testimony presented and the applicable law, that the plaintiff, in carrying out the actions alleged in these counts, was furthering its legal purpose of protecting its rights in a lease that it considered valid; and, subsequently, when the lease was determined by the housing court as ineffective for the purpose of forestalling the plaintiff's eviction from the said premises, the plaintiff then proceeded in this court with an action attempting to recover its expenditures on the rental premises. That, the plaintiff was misguided in its belief of the law, or misinterpreted the applicable law, or for that matter, that the housing court ruled against the plaintiff in that action is not the sole criterion to be applied in the determination of a recovery under these legal theories in this court. Rather, it is whether or not there was a reasonable basis for the plaintiff to believe that its actions in conjunction with its complaint could reasonably produce the result it was seeking; namely, recovery of its costs of renovations to the said premises.
That, the pursuit by the plaintiff of its actions resulted in incidental harm or damage to the defendant herein is not material to the determination of the above-mentioned counts without a showing by the defendant that the plaintiff had no reasonable expectation that it could be successful in its pursuit of its action against the defendant.
The court finds that the defendant failed to prove this requirement in the said three counts. CT Page 328
With regard to the third count of the defendant's counterclaim that the plaintiff failed to pay for use and occupancy of the said premises, for the period from March, 1997, to September 8, 1997, the court finds for the defendant and against the plaintiff for use and occupancy of the premises for a period of six months at a reasonable monthly rental of $425, totaling $2,550.
Judgment may enter as indicated above without costs to either party.
Kremski, J.